UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW E. ORSO, as successor
trustee to Kenneth D. Bell in his
capacity as court-appointed
receiver for Rex Venture Group, LLC,

      Plaintiff,

v.                                        Case No. 8:21-mc-104-KKM-CPT

RICK E. ROCKWELL,

      Defendant.
_____/

## O R D E R

Before the Court is a *Motion for Substitution of Plaintiff* filed by Nationwide Judgment Recovery, Inc. (Nationwide), as assignee of Plaintiff Matthew E. Orso, who is the successor trustee to Kenneth D. Bell in his capacity as the court-appointed receiver for Rex Venture Group, LLC. (Doc. 23). By way of its motion, Nationwide seeks an order substituting it for Orso as the named Plaintiff in this matter. *Id.*

This action arises out of an August 14, 2017, Judgment entered by the Western District of North Carolina in the amount of $244,348.69 in Bell's favor against a defendant class, including Defendant Rick E. Rockwell. (Docs. 1, 23). Orso was later appointed as the successor receiver in place of Bell, who then sold the final judgments—including the one against Rockwell—to Nationwide. (Doc. 23).

In July 2021, Nationwide sought to register the Judgment against Rockwell in this Court. (Doc. 1). According to Nationwide, the Clerk of Court required it to register the Judgment in the name of Orso to reflect the caption of the Judgment. (Doc. 23). In March 2022, however, the trial court in the Western District of North Carolina amended the caption of the final judgment in the underlying case to replace Orso with Nationwide as the named plaintiff. (Docs. 23, 23-1 at 10).

Federal Rule of Civil Procedure 25 provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Substitution under Rule 25(c) is a procedural mechanism that does not impact the substantive rights of the parties. *Matter of Covington Grain Co., Inc.*, 638 F.2d 1357, 1361 (5th Cir. 1981).[1] As such, a court may substitute a party provided it is acting within its discretion. *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 610 (11th Cir. 1984).

Based upon a similar set of circumstances to those present here, courts in this District have relied on Rule 25(c) to substitute Nationwide as the party plaintiff for Orso in a number of related matters. *See*, *e.g.*, *Orso v. Nagibina*, 2022 WL 2159722, at *1 (M.D. Fla. June 15, 2022); *Orso v. Vasquez*, No. 8:21-mc-112-CEH-AEP, (Doc. 21) (M.D. Fla. June 8, 2022); *Bell v. Woods*, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7,

---

[1] The Eleventh Circuit, in its *en banc* decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.

2022), *report and recommendation adopted*, 2022 WL 425719, at *1 (M.D. Fla. Feb. 11, 2022).   Likewise, a review of the evidence submitted in this action supports the conclusion that Nationwide is the party in interest as the assignee of the subject judgment.  (Docs. 23, 23-1).

Accordingly, it is hereby ORDERED:

1.      Nationwide's *Motion for Substitution of Plaintiff* (Doc. 23) is granted.

2.      The Clerk of Court is directed to amend the case caption to substitute Nationwide Judgment Recovery, Inc. as the named Plaintiff in this matter.

SO ORDERED in Tampa, Florida, this 1st day of November 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record